UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DUANE WOULLARD,

    Plaintiff,

v.                                           Case No.  5:23-cv-171-TKW-MJF

J. ROMANO, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Upon review of Plaintiff Duane Woullard's complaint, the undersigned recommends that this action be dismissed for maliciousness, under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for Plaintiff's abuse of the judicial process in failing to disclose completely and honestly his litigation history.

### I. Background

Plaintiff is an inmate of the Florida Department of Corrections ("FDC") currently housed at the Jefferson Correctional Institution. His inmate number is "072248." On June 14, 2023, Plaintiff filed a civil-rights complaint pursuant to 42 U.S.C. § 1983 against five Defendants. Doc. 1. Plaintiff alleges that Defendants arrested him without probable cause in violation of the Fourth Amendment and committed state-law assault and battery when they "manhandled" and slammed him to the ground.

Page 1 of 11

## II. Discussion

### A. Screening of Plaintiff's Complaint

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, is malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1); *see id.* § 1915(e).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915A(b)(1); *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915."); *Sears v. Haas*, 509 F. App'x 935, 935–36 (11th Cir. 2013) (holding that dismissal of a prisoner-plaintiff's case for abuse of the judicial process

under section 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**B.     Plaintiff's Disclosures**

Section VI of the complaint form utilized by Plaintiff seeks information regarding his prior litigation. Doc. 1 at 10–13. The complaint form expressly warns: "***Be advised that failure to disclose all prior state and federal cases–including, but not limited to civil cases, habeas cases, and appeals–may result in the dismissal of this case.***" *Id.* at 10. The complaint form asks three questions:

> A. Have you had any case in federal Court, including federal appellate Court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?
>
> B. Have you filed other lawsuits or appeals in either **state or federal Court** dealing with the same facts or issues involved in this case?
>
> C. Have you filed any other lawsuit, *habeas corpus* petition, or appeal in **state or federal Court** either challenging your conviction or relating to the conditions of your confinement?

*Id.* at 11–12. Additionally, the complaint form instructs that if the plaintiff responded, "Yes," to any question, then the plaintiff must disclose *each* case. *Id.*

In response to Question A, Plaintiff responded, "No," and did not disclose any cases. *Id.* at 11. In response to Questions B and C, Plaintiff responded, "Yes." Plaintiff identified two state-court cases: *Woullard v. State*, Case No. 1D22-1398 (Fla. 1st DCA), and *Woullard v. State*, Case No. 19-3864 (Fla. 14th Cir. Ct.). Doc. 1 at 11, 12.

At the end of the complaint form, Plaintiff signed his name after the following statement: "I declare, under penalty of perjury, that all the information stated above and included on or with this form, including my litigation history, is true and correct." *Id*. at 13, 19. Thus, at the time Plaintiff signed his complaint, he asserted that he had never filed any civil action in federal court.

C.   **Plaintiff's Omissions**

The undersigned takes judicial notice that when Plaintiff filed his complaint, he failed to disclose that in August 2022, he filed a civil rights complaint based on the same facts and circumstances as the instant case in the United States District Court for the Northern District of Florida. *Woullard v. Oquendo*, No. 5:22-cv-166-TKW-MJF, ECF No. 1, Complaint (N.D. Fla. Aug. 22, 2022). On December 16, 2022, this court dismissed that case prior to service. *Id.*, ECF Nos. 13 and 14, Order Adopting Report and Recommendation and Clerk's Judgment.[1] This case is

---

[1] Under Federal Rule of Evidence 201(b), a court may take "judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and

attributable to Plaintiff insofar as it bears his FDC inmate number "072248." Further, Plaintiff's current allegations and claims are identical to those in his former case.

This case was responsive to Questions A and B on the complaint form. Because he failed to disclose this case, Plaintiff violated his duty of candor to the District Court. *See Kendrick*, 2022 WL 2388425, at *3 (noting that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant").

**D.** **Materiality of Plaintiff's Omissions**

Courts have recognized that information regarding a plaintiff's litigation history is useful to federal courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in

---

ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation").

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts may require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine their litigation experience and familiarity with the legal terrain.

The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, Plaintiff falsely responded to questions on the complaint form as detailed above. He knew from reading the complaint form that he was required to disclose all prior cases that were dismissed prior to service and all cases that dealt with "the same facts or issues involved in this case." Doc. 1 at 11. The complaint form expressly warns prisoners: "***Be advised failure to disclose all prior state and federal cases . . . may result in the dismissal of this case.***" *Id.* at 10.

There is no excuse for Plaintiff's failure to respond truthfully to the questions on the complaint form. The questions were straightforward and easily understandable. Thus, Plaintiff's *pro se* status is not an excuse for his failure to respond truthfully. *Kendrick*, 2022 WL 2388425, at *3 (noting that the questions on the court-form are not complicated and a plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions); *see Daniels v. Culpepper*, No. 22-12805, ECF No. 9 at 3 (11th Cir. Apr. 12, 2023) ("[T]he litigation-history questions on the complaint form were simple, straightforward, and did not require a legal education to answer.").

To the extent he could not remember fully his litigation history or was unsure whether to disclose the case, Plaintiff could have indicated that on the complaint form. *See* Doc. 1 at 10 ("***You should err on the side of caution if you are uncertain whether a case should be identified.***"). He did not. Rather, he affirmatively represented that he had never filed a federal lawsuit before commencing this action.

Further, a claim that Plaintiff could not remember his prior case would strain credulity. Plaintiff's prior federal lawsuit was dismissed only six months prior to the commencement of this action. *See Woullard*, 5:22-cv-166-TKW-MJF, ECF Nos. 13 and 14, Order Adopting Report and Recommendation and Clerk's Judgment. Plaintiff also was aware that he should maintain in his property a list of all prior cases. At the commencement of a lawsuit, the clerk of the court sends a notice to *pro se* litigants advising litigants to keep a copy of all filings in their respective cases. Doc. 3 ¶ 4 ("You should keep one copy of all documents you file or receive in this case for your personal records."). In his prior case, on August 23, 2022, the clerk of the court sent Plaintiff the notice to *pro se* litigants. *Woullard*, 5:22-cv-166-TKW-MJF, ECF No. 3, Notice to Pro Se Litigant. Thus, it is unlikely that Plaintiff simply could not remember anything about this prior federal case.

Accordingly, a penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

E.    **<u>The Appropriate Sanction Is Dismissal Without Prejudice</u>**

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Plaintiff's false responses to go unpunished. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.[2] *See Rivera*, 144 F.3d at 731; *see also, e.g.*, *Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Hood v.*

---

[2] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). The statute of limitations for claims under section 1983 brought in Florida is four years. *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002). The alleged misconduct in Plaintiff's complaint occurred on January 10, 2022. Doc. 1 at 7. Thus, the statute of limitations likely would not bar Plaintiff from refiling this action in the near future.

*Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006). Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2. Order the clerk of the court to close this case.

At Pensacola, Florida, this 18th day of July, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C.**

**§ 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**